UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
CIRILO ALCANTARA,

                          Petitioner,                  **MEMORANDUM AND ORDER**

    -v-                                                            19-CV-3686 (RRM) (LB)

EARL BELL, SUPERINTENDENT,

                          Respondent.
----------------------------------------------------------------x
ROSLYNN R. MAUSKOPF, Chief United States District Judge.

      In April 2019, petitioner Cirilo Alcantara commenced this action by placing a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 in the mailbox at Clinton Correctional Facility, the state prison in which he remains incarcerated.  The original petition challenged his state-court conviction on the grounds raised on direct appeal, but also described three post-conviction motions and indicated that Alcantara planned to move to amend his petition once the grounds raised in those motions were fully exhausted.  Although two of the three motions have since been exhausted, Alcantara now moves to amend his petition to add grounds which are not raised in those motions and to obtain various other relief.  For the reasons set forth below, the Court denies Alcantara's motion in its entirety but grants him leave to file a second motion to amend within sixty (60) days of the date of this Memorandum and Order.

## BACKGROUND

      Alcantara was convicted of criminal sexual act in the second degree and sexual abuse in the first degree after a jury trial in the Supreme Court of the State of New York, Richmond County, in which his own stepchildren testified that they observed him rubbing his penis between the naked buttocks of his five-year-old daughter on May 30, 2012.  On May 10, 2013,

he was sentenced to concurrent terms totaling 25 years' imprisonment and 20 years of supervised release.  (*See* Sentencing Transcript (Doc. No. 9–3) at 10–11.)

On direct appeal, Alcantara's court-appointed appellate counsel raised two issues: 1) that the evidence was legally insufficient to prove Alcantara's guilt beyond a reasonable doubt (hereafter, the "Legal Sufficiency Claim") and 2) that the 25-year sentence was excessive.  (Brief for Defendant-Appellant (Doc. No. 9-4) at 2–3).[1]  In February 2016, Alcantara filed a pro se supplemental brief which raised ineffective assistance of trial counsel.  (*See* Defendant Appellant's Pro-Se Supplemental Brief (Doc. No. 9-6).)  In that brief, Alcantara argued, among other things, that defense counsel failed "to call an expert to explain the psychological factors connected to indicia of fabrication in abuse cases," (*id.* at 26), and failed to interview and call medical professionals who concluded, based on their physical examinations of the complainant, that sexual abuse did not occur, (*id.* at 23–26).

The Appellate Division, Second Department, agreed that Alcantara's sentence was excessive and modified the judgment of conviction by reducing the terms of incarceration and supervised release.  (Decision & Order dated March 29, 2017 (Doc. No. 9-8) at 1–2.)  However, the Appellate Division affirmed the judgment as modified.  It held that the Legal Sufficiency Claim was both unpreserved for appellate review and without merit and that the arguments raised in the pro se supplemental brief were "without merit."  (*Id.* at 2.)

Alcantara sought leave to appeal to the New York Court of Appeals, seeking to raise "all federal and state issues" contained in the main and supplemental briefs.  (Leave Application (Doc. No. 9-9) at 2.)  Leave was denied in an order dated June 12, 2017.  (Order Denying Leave

---

[1] Unless otherwise indicated, citations refer to the page numbers assigned by the Court's Electronic Case Filing System.

2

(Doc. No. 9-11).)  Alcantara did not petition the Supreme Court of the United States for a writ of certiorari.  (Petition (Doc. No. 1) at ¶ 8(g).)

<u>Alcantara's Post-Conviction Motions</u>

Since June 2018, Alcantara has filed at least three pro se post-conviction motions:  two motions to vacate the judgment of appeal pursuant to New York Criminal Procedure Law ("CPL") § 440.10 and an application for a writ of error coram nobis.  The first § 440.10 motion was filed on June 4, 2018, almost one year after his leave application was denied by the New York Court of Appeals.  That motion argued that trial counsel provided ineffective assistance by, among other things, failing to adequately investigate the witnesses' allegations and failing to find and use a report from the Division of Child Welfare and Community Services which concluded that allegations of abusive conduct by Alcantara were unfounded.  (Notice of Motion pursuant to CPL § 440.10 (Doc. No. 9-12) at 2.)  In opposition to the motion, the prosecution pointed out that these same arguments were contained in Alcantara's pro se supplemental brief, and that the Memorandum of Law in Support of the § 440.10 Motion, (*id*. at 10–49) was essentially excerpted from that brief.  (*See* Affirmation of Assistant District Attorney Anne Grady in Opposition to the CPL § 440.10 Motion (Doc. No. 9-13) at ¶ 12.)  The trial court agreed with the prosecution and denied the motion, holding that the "ground or issue raised upon the motion was previously determine[d] on the merits upon an appeal from the judgment." (Decision & Order dated Dec. 17, 2018 (Doc. No. 9-14) at 1 (quoting N.Y. CPL § 440.10(2)(a)).)  Alcantara applied for a certificate granting leave to appeal the trial court's ruling but that application was denied by the Appellate Division on April 2, 2019.  (Decision & Order on Application (Doc. No. 9-15).)[2]

---

[2] Alcantara also sought leave to appeal to the New York Court of Appeals, but that application was dismissed because the Appellate Division's order was not appealable.  *People v. Alcantara*, 33 N.Y.3d 1066 (2019) (table).

On October 22, 2018 – while his first § 440.10 was still pending before the trial court – Alcantara petitioned the Appellate Division, Second Department, for a writ of error coram nobis, arguing ineffective assistance of appellate counsel. (*See* Notice of Motion for Writ of Error Coram Nobis (Doc. No. 9-19).) In that petition, Alcantara noted that the complainant never identified him as the perpetrator in court and asserted that the Appellate Division would have been required to reverse his conviction had appellate counsel "brought this important legal issue to th[e] Court's attention." (*Id.* at 6.) The prosecution opposed the petition, noting that the complainant – Alcantara's daughter – testified that her "daddy" was the perpetrator and that Alcantara's own stepchildren testified that they caught him in the act. (Affirmation of Assistant District Attorney Anne Grady in Opposition to the Application for a Writ of Error Coram Nobis (Doc. No. 9-20) at ¶ 7.) The prosecutor argued that "an appellate claim such as that now suggested by defendant would have been so readily dispelled by a review of the record, it would have been fruitless on appeal." (*Id.* at ¶ 8.)

In a decision and order dated May 22, 2019, the Appellate Division denied the petition, finding that Alcantara had not established that he was denied the effective assistance of appellate counsel. (Decision & Order (Doc. No. 9-21) at 1.) Alcantara sought leave to appeal to the New York Court of Appeals, but leave was denied on August 21, 2019. (*People v. Alcantara*, 34 N.Y.3d 927 (2019) (table).)

On March 22, 2019, while the petition for a writ of error coram nobis and Alcantara's appeal from the denial of his first § 440.10 motion were both still pending before the Appellate Division, Alcantara filed a third post-conviction motion, seeking to vacate the judgment of conviction pursuant to CPL § 440.10(g) and (h). In this motion, Alcantara claimed that interrogatories he received in a federal civil right action established that he had been assaulted by

4

another individual in the presence of the two officers who had arrested him for the May 30, 2012, incident, and that those officers had not arrested the other individual. Although Alcantara was obviously aware of the assault when it occurred and knew the officers had taken no action, he nonetheless claimed that the interrogatories contained "newly discovered" evidence "of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable" to him. (Memorandum of Law in Support of Motion (Doc. No. 9-16) at 7 (quoting N.Y. CPL § 440.10(1)(g)).) In addition, although his memorandum of law 1) expressly stated that the arresting officers had not testified at trial, (*id.*), and 2) did not identify the individual who allegedly assaulted him, Alcantara argued that this newly discovered evidence was *Brady* material. (*Id.* at 9–11.)

The prosecution opposed the motion, arguing that the evidence was neither "newly discovered" nor exculpatory. (*See* Affirmation of Assistant District Attorney Anne Grady in Opposition to the CPL § 440.10 Motion (Doc. No. 9-17).) ADA Grady explained that the individual who assaulted Alcantara was Ruben Rivera, a neighbor who subdued Alcantara to prevent him from leaving the crime scene and held him until the arresting officers arrived. Not only had Rivera testified at trial, (*id.* at ¶ 12), but the prosecution had affirmatively used Rivera's testimony to establish Alcantara's consciousness of guilt, (*id.* at ¶ 26).

Alcantara filed a reply on or about April 30, 2019. (See Reply (Doc. No. 9-18) at 5.) However, according to a letter from Alcantara dated May 21, 2020, that motion remains sub judice. (Letter (Doc. No. 15) at 1.) The Court's independent research has uncovered no evidence to suggest that the motion has been decided to date, or that the appeal from that motion has been exhausted.

5

The Habeas Petition

On or about April 22, 2019, Alcantara commenced this action by filing a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition raised five grounds for relief. The first two grounds raised the Legal Sufficiency Claim and excessive sentence issue contained in the main appellate brief. The remaining three raised ineffective assistance issues set forth in Alcantara's pro se supplemental brief. The petition mentioned all three of the post-conviction motions but claimed that these had "not been fully exhausted in State Court." (Petition (Doc. No. 1) at ¶ 10.) The petition stated that the grounds raised in the motions would "be included in an amended habeas corpus petition if warranted." (*Id.*)

On October 14, 2019, respondent Earl Bell filed his response, which construed the petition as raising all of the issues raised on direct appeal. (Affirmation of ADA Anne Grady in Response to the Petition for a Writ of Habeas Corpus (Doc. No. 8) at ¶ 43.) With respect to the Legal Sufficiency Claim, respondent argued both 1) that the claim was procedurally barred because it had been decided on independent and adequate state grounds and 2) that the claim was without merit. Respondent further argued that the excessive sentence claim did not present a cognizable federal question and that Alcantara had not been denied the effective assistance of counsel.

The Instant Motion

In November 2019, Alcantara filed the instant motion, principally seeking to amend his petition pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Although both his first CPL § 440.10 motion and the application for a writ of error coram nobis were exhausted by the time the motion was filed, the motion does not seek to add to the petition the grounds raised in those two post-conviction motions. Rather, the motion proposes raising five grounds which

6

either repeat arguments already raised in the original petition or which do not state a basis for habeas corpus relief. First, citing to the excessive sentence argument in his main appellate brief, Alcantara seeks to argue that he was "punished for exercising [his] constitutional right to trial." (Motion (Doc. No. 10) at ¶ 8.) Second, citing to that brief's statement of facts in supporting of the excessive sentence argument, he seeks to argue that the trial court was biased against him. (*Id.*) Third, citing to his pro se supplemental brief, he seeks to argue that his trial counsel's failure to consult with an expert on the issue of fabrication and to call physicians who examined the complainant and found no evidence of sexual abuse constituted ineffective assistance of trial counsel. (*Id.*)

The fourth proposed ground addresses respondent's argument that Alcantara's Legal Sufficiency Claim is procedurally barred because of trial counsel's failure to preserve the issue for appellate review. First, quoting a portion of respondent's memorandum of law in opposition to his petition which concedes that "there was a lack of medical or forensic evidence of sex abuse," Alcantara seeks to argue that he has a "valid claim of actual innocence and/or a Miscarriage of Justice" which would justify disregarding the procedural bar. (*Id.*) Second, he seeks to argue that the "mistakes of trial counsel present[ ] sufficient cause and prejudice to overcome the … procedural bars." (*Id.*)

Alcantara's fifth and final proposed amendment would add a claim that "the state court's factual findings resulted in decisions that were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings." (*Id.*)

In addition to seeking to amend his complaint, Alcantara moves for five other types of relief. First, noting that the state court did not hold a hearing on his ineffective assistance claims, Alcantara moves for a hearing before this Court. (*Id.* at ¶ 2(B).) Second, he also requests a

hearing on the issues raised by his proposed fourth argument: that is, whether he has established gateway actual innocence or ineffective assistance of trial counsel with respect to the preservation of the Legal Sufficiency Claim. (*Id.* at ¶ 2(C).) Third, Alcantara moves for appointment of counsel. (*Id.* at ¶ 2(D).) Fourth, he moves to expand the record to include an ACS report which allegedly found allegations of abuse to be "unfounded" and to include interrogatories from trial counsel addressing the issue of why he failed to call physicians who examined complainant after the incident and made findings and observations inconsistent with sexual abuse. (*Id.* at ¶ 2(E).) Fifth, Alcantara requests that this action be stayed and held in abeyance so that he may exhaust his second § 440.10 motion. (*Id.* at ¶ 41.)

In his response to Alcantara's motion, Respondent takes no position with respect to Alcantara's requests for appointment of counsel and for stay and abeyance. (Response (Doc. No. 13) at 5.) However, Respondent opposes the motion in all other respects.

## DISCUSSION

I. The Motion to Amend the Petition

A habeas corpus petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Accordingly, in determining petitioners' motions to amend §2254 petitions, courts have applied Rule 15 of the Federal Rules of Civil Procedure. *See Mayle v. Felix*, 545 U.S. 644, 654–55 (2005); *Fama v. Comm'r of Corr'l Servs.*, 235 F.3d 804, 815 (2d Cir. 2000). Rule 15(a)(1) provides, in relevant part, that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading …." Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."

8

In this case, Alcantara argues that he is entitled to amend his petition as a matter of right pursuant to Rule 15(a)(1)(B) because his motion was filed within 21 days of the filing of the prosecution's response. However, "Rule 15(a)(1)(B) is inapplicable to habeas petitions because responsive pleadings are not required." *Defreitas v. Kirkpatrick*, No. 16-CV-0638 (LEK) (ATB), 2017 WL 878445, at *3 n.3 (N.D.N.Y. Mar. 6, 2017) (quoting *Argraves v. United States*, No. 11-CV-1421 (SRU), 2013 WL 1856527, at *2 (D. Conn. May 2, 2013)); *see* Rule 5(a), Rules Governing Section 2254 Cases in the United States District Courts ("The respondent is not required to answer the petition unless a judge so orders."). Accordingly, the Court considers Alcantara's motion to amend his petition under Rule 15(a)(2).

Rule 15(a)(2) expressly provides that "[t]he court should freely give leave when justice so requires." While "[t]he Supreme Court has made clear that 'this mandate is to be heeded,'" *Tokio Marine & Fire Ins. Co. v. Employers Ins. of Wausau*, 786 F.2d 101, 103 (2d Cir. 1986) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)), "a district court has discretion to deny [leave] 'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" *Eastman Kodak Co. v. Henry Bath LLC*, 936 F.3d 86, 98 (2d Cir. 2019) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)). Leave has been denied, for example, where the proposed amendments would add duplicative claims. *See, e.g.*, *Leber v. Citigroup 401(K) Plan Inv. Comm.*, 129 F. Supp. 3d 4, 16 (S.D.N.Y. 2015) (denying leave to add a count which was duplicative of a count raised in the original pleading). In adjudicating Alcantara's motion for leave to amend his petition, the Court is mindful that the purpose of Rule 15 "is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." *Fama*, 235 F.3d at 815.

The first three of Alcantara's five proposed new grounds for habeas relief are duplicative of grounds raised on direct appeal. His first and second proposed grounds – that he was "punished" for going to trial and that the trial court was biased against him – are subsumed within the excessive sentence point which he raised in his petition. Alcantara implicitly acknowledges as much by citing to portions of the main appellate brief in support of these proposed grounds. With respect to the first ground, he cites to pages 20–23 – the excessive sentence argument – which argued, among other things: "Though the court expressly stated it was not punishing appellant for exercising his right to trial, the reasons it gave for imposing the maximum sentence … suggest otherwise." (Brief for Defendant-Appellant at 21.) With respect to the second proposed ground, he cites to pages 11–14 – that portion of the main brief which described his sentencing. To the extent that Alcantara intended the second proposed ground to raise bias claims not contained in the main brief, that ground is unexhausted and cannot be raised in his petition for habeas corpus relief.

Similarly, Alcantara's third proposed ground – that trial counsel's failure to consult with an expert on the issue of fabrication and to call physicians who examined the complainant constituted ineffective assistance of trial counsel – were raised in his pro se supplemental brief. That brief specifically faulted defense counsel for failing 1) "to call an expert to explain the psychological factors connected to indicia of fabrication in abuse cases," (Defendant Appellant's Pro-Se Supplemental Brief at 26), and 2) to interview and call medical professionals such as Dr. Yelena Bataykin, whose examination of the complainant allegedly "ruled out" sexual abuse, (*id.* at 23–26.) Since respondent has construed Alcantara's original petition as raising all of the grounds exhausted on direct appeal, (Grady Aff. (Doc. No. 8) at ¶ 43), the third proposed ground is duplicative of grounds raised in the original petition.

Alcantara's fourth proposed grounds is not a ground for habeas corpus relief. The Court construes the fourth proposed ground as attempting 1) to establish gateway actual innocence and 2) to argue that ineffective assistance of trial counsel was the cause of the failure to preserve the Legal Sufficiency Claim. These are both arguments for disregarding the procedural bar which, respondent argues, precludes consideration of the merits of Alcantara's Legal Sufficiency Claim. The Court will consider those portions of the instant motion which relate to this fourth proposed ground and the prosecution's arguments in opposition thereto when it decides whether the Legal Sufficiency Claim is procedurally barred.

Alcantara's fifth proposed ground is also not a ground for habeas relief. Under 28 U.S.C. § 2254(d)(2), a writ of habeas corpus may be granted "with respect to any claim that was adjudicated on the merits in State court proceedings [if] … the adjudication of the claim … resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the court proceeding." Alcantara's fifth proposed ground – that "the state court's factual findings resulted in decisions that were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings" – simply quotes the standard for granting habeas relief set forth in 28 U.S.C. §2254(d)(2). Accordingly, the Court denies leave to amend the petition to add this, or any of the four proposed grounds, for habeas corpus relief.

II.     Alcantara's Other Arguments

The Court need only briefly address the other issues raised in Alcantara's motion. First, since the Court has not yet considered the merits of the grounds raised in Alcantara's original petition, the Court defers decision on whether a hearing is necessary with respect to the ineffective assistance of trial counsel ground raised therein. For the same reason, the Court

11

defers decision on whether a hearing will be necessary on the gateway actual innocence and ineffective assistance on trial counsel arguments which Alcantara interposes as ways to circumvent the procedural bar to his Legal Sufficiency Claim.

The Court also declines to appoint counsel. "[I]it is well settled in the Second Circuit and elsewhere that 'there is no constitutional right to representation by counsel in habeas corpus proceedings.'" *Green v. Abrams*, 984 F.2d 41, 47 (2d Cir. 1993) (quoting *United States ex rel. Wissenfeld v. Wilkins*, 281 F.2d 707, 715 (2d Cir. 1960)). Under 18 U.S.C. § 3006A(2)(b), a district court has discretion to appoint counsel for a financially eligible habeas corpus petitioner if "the court determines that the interests of justice so require." However, in determining whether to appoint counsel, courts first examine "whether the indigent's position seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). At this juncture, the Court is not yet convinced that Alcantara's claims will prove to be of substance.

Alcantara's next argument seeks to expand the record to include an ACS report which allegedly found allegations of abuse to be "unfounded" and to include interrogatories from trial counsel addressing the issue of why he failed to call physicians who examined complainant after the incident and made findings and observations inconsistent with sexual abuse. The substance of these documents are presumably discussed in the ineffective assistance of counsel claims which are either already before the Court or which are contained in post-conviction motions. Accordingly, Alcantara does not need to expand the record to reference these documents.

Similarly, Alcantara has not demonstrated a need for stay and abeyance. This Court has the power to stay a habeas petition when some of the claims it presents are not exhausted in state court. *See Rhines v. Weber*, 544 U.S. 269 (2005). However, because respondent and the Court construe Alcantara's petition as raising only the grounds exhausted on direct appeal, and since

the Court has denied leave to amend the petition, there is currently no need for stay and abeyance.

The Court notes that stay and abeyance might be necessary and appropriate if Alcantara sought to have this Court consider the merits of his as-yet-unexhausted second § 440.10 motion. However, at this juncture, Alcantara has not moved to amend his petition to add the grounds exhausted by any of his post-conviction motions. Since Alcantara's petition states that the constitutional claims raised in those motions "will be included in an amended habeas corpus petition if warranted," (Petition at ¶ 10), the Court suspects that Alcantara's failure to move to amend the petition to include the grounds exhausted by his post-conviction motions is an oversight. In light of Alcantara's pro se status, the Court will grant Alcantara leave to file another motion to amend the petition to add the grounds raised in his first § 440.10 motion and his petition for a writ of error coram nobis. If Alcantara wishes to raise grounds contained in his second § 440.10 motion or any other post-conviction motion which is not yet exhausted, he may renew his request for stay and abeyance.

## CONCLUSION

For the reasons set forth above, Alcantara's motion is denied in its entirety. To the extent Alcantara wishes to amend his petition to include the grounds exhausted in his first § 440.10 motion and/or petition for a writ of error coram nobis, Alcantara may file a second motion to amend the petition. If Alcantara wishes to raise the grounds contained in post-conviction motions which have already been filed but which have not yet been exhausted, he may move for stay and abeyance. Alcantara's motion(s) shall be filed within sixty (60) days of the date of this Memorandum and Order. If neither a motion nor an application for extension of time to file a motion is received within the time allowed, the Court may decide Alcantara's petition for a writ

of habeas corpus without further delay. The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to Alcantara.

SO ORDERED.

Dated: Brooklyn, New York
       September 28, 2020

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
Chief United States District Judge